IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELIZABETH DYNES                          Civil Action No. 2:13-cv-23087

         Plaintiff,

v.

AMERICAN MEDICAL SYSTEMS, INC., et al.

         Defendants

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion for Remand [Docket 13]. The defendants have responded [Docket 15] and the plaintiff has replied [Docket 19], making the motion is ripe for review. For the reasons set forth below, Plaintiff's Motion for Remand [Docket 13] is **DENIED**.

## I. Background

The plaintiff, Elizabeth Dynes, filed her complaint in state court in Washington on July 10, 2013. The individual defendants were all served with the complaint between July and September 2013. However, it is undisputed that defendants American Medical Systems, Inc. ("AMS") and Cook Medical Inc. had not been served at the time the action was removed. AMS removed the action to the United States District Court for the Western District of Washington on September 3, 2013. The case was then transferred to this court by the Judicial Panel on Multidistrict Litigation for pretrial proceedings as part of MDL 2325.

In their notice of removal, AMS argued that the individual defendants had been fraudulently joined in order to defeat diversity jurisdiction. Ms. Dynes now contests removal, arguing only that it was untimely under 28 U.S.C. 1446(b).

### II. Legal Standard

#### A. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pre-trial motions. In multidistrict litigation cases such as this, the choice-of-law for these pre-trial motions depends on whether they involve federal or state law. "When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3866 (3d ed. 2009). This is in accordance with the law in this circuit. *See Bradley v. United States*, 161 F.3d 777, 782 n.4 (4th Cir. 1998) ("[T]his court cannot and does not apply the law of another circuit simply because the case was transferred from the other circuit.").

The Honorable Shira A. Scheindlin has made a similar observation that the law of the transferee circuit applies:

> [C]ourts have held that the law of the transferee circuit controls pretrial issues such as whether the court has subject matter or personal jurisdiction over the action, *or whether the cases should be remanded to state court because the cases were not properly removed*.

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 241 F.R.D. 435, 439 (S.D.N.Y. 2007) (footnote omitted) (emphasis added). Judge Scheindlin's observation, as noted in her opinion, reflects the general approach. *See*, *e.g.*, *In re Linerboard Antitrust Litig.*, No. 04 Civ. 4001, MDL 1261, 2005 WL 1625040, at *4 (E.D. Pa. July 11, 2005) (applying the law of the Third Circuit on a motion to dismiss for lack of subject matter jurisdiction); *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 256 F. Supp. 2d 884, 888 (S.D. Ind. 2003) (applying the law of the

Seventh Circuit on a motion for remand to state court). In consideration of the foregoing, the Fourth Circuit's law will apply to the motion to remand to state court.

### B. Removal

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree.' We presume 'that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." *Id.* For removal from state court to federal court to be proper, the federal court must possess original jurisdiction over the case. 28 U.S.C. § 1441(a) (2012); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *see also* 28 U.S.C. § 1332(a). However, the judicially created fraudulent joinder doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

3

**III.     Analysis**

>   Section 1446 of Title 28 of the United States Code provides:
>
>   The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* § 1446(b)(1) (emphasis added). "A failure to timely file a notice of removal constitutes a defect in removal procedure," and "[a] defect in removal procedure renders a case improperly removed." *Haythorn v. Erie Ins. Prop. & Cas. Co.*, No. 5:06CV67, 2006 U.S. Dist. LEXIS 65238, at *4 (N.D. W. Va. Sept. 11, 2006) (citing *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994)); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999)).

Here, Ms. Dynes argues that removal was untimely. AMS received a copy of the complaint on July 12, 2013, and spoke with plaintiff's counsel regarding the case on July 25 and 30, 2013. However, the action was not removed until September 3, 2013, fifty-three days after AMS received the complaint. Thus, Ms. Dynes argues, removal was untimely. The defendants argue that *Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999), controls and that removal was timely because AMS was never served with the complaint.

In *Murphy Brothers*, the Supreme Court addressed the issue of "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run" under 28 U.S.C. § 1446(b). 526 U.S. at 347. In doing so, the Court looked at the legislative history of the amendment to Section 1446(b) that added the language "or otherwise" to the statute. *See id.* at 351-54. The Court noted that "or otherwise" was added to the statute in order to address issue in states where service of the complaint was not required with service of the summons, and defendants did not necessarily have access to the complaint before the removal period began. *Id.*

4

at 351-52. The Court held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48; *see also Ratliff v. Workman*, 274 F. Supp. 2d 783, 789 (S.D.W. Va. 2003) *abrogated on other grounds by Barbour v. Int'l Union*, 640 F.3d 599 (4th Cir. 2011) ("The Court began its analysis by tracing the history of formal service of process, noting that 'service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.' The Court emphasized that in the absence of service of process, a court 'ordinarily may not exercise power over a party the complaint names as defendant.' It would thus be unfair, the Court reasoned, for a party outside the court's jurisdiction to be forced to decide whether or not to remove to federal court.") (internal citations omitted).

Ms. Dynes argues that the *Murphy Brothers* decision is inapplicable here because the defendant in that case was served, whereas in this case AMS was not served. However, the Court in *Murphy Brothers* made no attempt to distinguish itself from cases where a defendant was not served. Furthermore, the Court's discussion of the legislative history behind Section 1446(b) makes it clear that the Court was concerned with the issue of when the removal clock begins to run—and the Court determined that time was when the defendant has been served and has received a copy of the complaint. *See* 526 U.S. at 352-53 ("Nothing in the legislative history of the 1949 amendment so much as hints that Congress, in making changes to accommodate atypical state commencement and complaint filing procedures, intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant."). The Court's holding does not distinguish between parties that have been served and parties that have not been served. The law is clear: mere receipt of a complaint without formal

5

service does not start the removal clock for a named defendant. *See id.* at 347-48; *see also Ratliff*, 274 F. Supp. 2d at 790 ("By looking both to the procedural rationale and to Congress's intent behind the removal statute, the Court concluded that formal service of process is a prerequisite for the running of the thirty-day removal period under § 1446(b).").

By looking both to the procedural rationale and to Congress's intent behind the removal statute, the Court concluded that formal service of process is a prerequisite for the running of the thirty-day removal period under § 1446(b). Therefore, the plaintiff's motion to remand this action is **DENIED**.

IV.  Conclusion

For the reasons set forth above, Plaintiff's Motion for Remand [Docket 13] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       November 13, 2013

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE